ERIC GRANT
United States Attorney
MICHAEL D. ANDERSON
ROSANNE RUST
KATHERINE T. LYDON
MATTHEW THUESEN
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

ALEXANDRE DEMPSEY
Trial Attorney
Public Integrity Section
U.S. Department of Justice
1301 New York Avenue, NW
Washington, D.C. 20530

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:25-CR-0258 TLN |
|---|---|
| Plaintiff, | STIPULATION AND PROTECTIVE ORDER REGARDING PROTECTED DISCOVERY |
| v. | |
| DANA WILLIAMSON, | |
| Defendant. | |

## I.  STIPULATION

Pursuant to 18 U.S.C. § 3771(a)(8) and Federal Rule of Criminal Procedure 16(d), the undersigned parties hereby stipulate and agree, and respectfully request that the Court order that:

1.  On November 6, 2025, the Grand Jury returned an Indictment charging the defendant with conspiracy to commit bank fraud and wire fraud in violation of 18 U.S.C. § 1349, bank fraud in violation of 18 U.S.C. § 1344, wire fraud in violation of 18 U.S.C. § 1343, conspiracy to interfere with government function and obstruct justice in violation of 18 U.S.C. § 371, subscribing to a false tax return in violation of 26 U.S.C. § 7206(1) and false statements in violation of 18 U.S.C. § 1001(a)(2).

2. The United States intends to produce to the Defense Team, as defined below, material which was generated or came into the government's possession in the course of the investigation which led to the indictment of the defendant (the "Discovery"). Some of the materials which the United States intends to provide in order to promote a prompt and just resolution or trial of the case may exceed the scope of the United States' discovery obligations.

3. This Order and the designation of "Discovery" covers all material produced to defense counsel in this matter. Due to the nature of the case and the Discovery, precautions must be taken to prevent the unauthorized dissemination, distribution, or use of the Discovery, which is sensitive for a variety of reasons. A subset of the Discovery (the "Highly Confidential Discovery," and "Attorney's Eyes Only Discovery," defined below) requires heightened precautions, as described below in more detail. Much of the material the government intends to produce contains personal, identifying information ("PII") regarding third parties and victims, including but not limited to their names, descriptions, telephone numbers, residential addresses, and financial information. If this information is disclosed without protective measures, or to the defendant without limitation, it will risk the privacy and security of the people to whom the information relates. The United States has ongoing statutory and ethical obligations to protect victims. The information could itself be used to further criminal activity if improperly disclosed or used. The material the government intends to produce was also gathered in the course of a non-public investigation, including by use of sensitive investigatory techniques. Finally, a portion of the material relates to an ongoing criminal investigation, which is not known or fully understood by all subjects of the investigation. There is reason to believe that unrestricted dissemination of the Discovery, and particularly the Highly Confidential Discovery and Attorney's Eyes Only Discovery, would seriously harm the ongoing investigation.

4. Due to the nature of the charges and the alleged conduct in this case, PII and other confidential or otherwise sensitive information make up a significant part of the discovery materials in this case and such information itself, in many instances, has evidentiary value. The documentary evidence contains a large quantity of privacy-protected information that would be difficult or time-consuming to redact. Further, if the government were to attempt to redact all this information, the defense would receive a set of discovery that may be confusing and difficult to understand, and it could

inhibit prompt and just resolution of the case or preparation for trial.

5. Accordingly, the parties jointly request a Protective Order that will permit the United States to produce discovery that is unredacted while preserving the privacy and security of victims, witnesses, third parties, and the defendant, and the integrity of an ongoing investigation. The parties agree that the following conditions, if ordered by the Court in the proposed Protective Order, will serve the government's interest in maintaining the privacy and security of victims, third parties and the defendant, while permitting the Defense Team to understand the United States' evidence against the defendant.

6. This Court may enter protective orders pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, Local Rule 141.1, and its general supervisory authority.

## II.    PROPOSED PROTECTIVE ORDER

### A.    Discovery

7. All discovery produced by the government in this matter and the information contained therein ("Discovery") is protected material pursuant to this Order.

8. The Discovery may only be used for and in connection with the litigation of this case and for no other purpose. The Discovery shall be used solely for the purpose of conducting and preparing for pre-trial, trial, post-trial, and appellate proceedings (both direct and collateral) and in this criminal action and for no other purposes whatsoever, and shall not be used for the economic or other benefit of the defendant, or any third party.

9. To the extent that notes are made that memorialize, in whole or in part, the Discovery, or to the extent that copies are made for authorized use by members of the Defense Team, such notes, copies, or reproductions become Discovery, subject to the Protective Order, and must be handled in accordance with the terms of the Protective Order.

### B.    Highly Confidential Discovery

10. The Highly Confidential Discovery must be treated with all the rules above that apply to all Discovery in the case, plus the below special protections applicable to Highly Confidential Discovery.

11. Highly Confidential Discovery means all material provided or made available to defense

counsel in this case that contains unredacted "Personal Identifying Information" or other confidential or otherwise sensitive information (collectively, "Highly Confidential Discovery"). Personal Identifying Information shall constitute Highly Confidential Discovery and shall be treated as protected whether or not it is specifically identified as such by the government. Other Highly Confidential Discovery shall be identified as such by the government when it produces such material to the defense, by noting it in a cover letter, or by a specially-designated Bates range, or through an e-mail message.

12. For purposes of the Protective Order, the term "Personal Identifying Information" ("PII") includes any information within the definition of a "means of identification" under 18 U.S.C. § 1028(d)(7), other than names, and any information within the definition of an "access device" under 18 U.S.C. § 1029(e)(1), for anyone other than the defendant.

### C. Attorney's Eyes Only Discovery

13. The Attorneys Eyes Only Discovery must be treated with all the rules above that apply to Highly Confidential Discovery in the case, plus the below special protections applicable to Attorney's Eyes Only Discovery.

14. Attorney's Eyes Only Discovery means discovery provided or made available to defense counsel in this case that contains material so sensitive that it should be reviewed only by the Defense Team, not the defendant herself. This includes bank records and private communications of certain individuals other than the defendant as well as material which pertains to a sensitive ongoing investigation which would compromise that investigation if revealed. Attorney's Eyes Only Discovery shall be identified as such by the government when it produces such material to the defense, by noting it in a cover letter, or by a specially-designated Bates range, or through an e-mail message.

### D. Defense Team

15. For purposes of this Order, the term "Defense Counsel" refers to the defendant's counsel of record.

16. For purposes of this Order, the term "Defense Team" refers to: (1) Defense Counsel; (2) other attorneys at Defense Counsel's law firm who assist or will be consulted regarding case strategy in the above-captioned matter; (3) defense investigators who are assisting Defense Counsel with this case; (4) expert witnesses retained for the sole purpose of defending the criminal case; and (5)

1  paralegals, legal assistants, and other support staff to Defense Counsel assisting on this case.  The term
2  "Defense Team" does not include and expressly excludes the defendant, the defendant's family/friends,
3  fact witnesses, and other associates or professional consultants of the defendant.

4      17.    Defense Counsel must provide a copy of this Order to all members of the Defense Team
5  and must obtain written acknowledgement from members of the Defense Team that they are bound by
6  the terms and conditions of this Protective Order, prior to providing any Discovery to the members of
7  the Defense Team.  The written acknowledgement need not be disclosed or produced to the United
8  States unless ordered by the Court.

9      18.    Defense counsel shall be responsible for advising the defendant fully regarding the
10  defendant's obligations under this Order.

    **E.**    **Disclosure of the Discovery, Highly Confidential Discovery, and Attorney's Eyes Only Discovery**

13      19.    The Discovery may be disclosed only to the categories of persons and under the
14  conditions described in this Order.

15      20.    The Discovery may not be distributed beyond the Defense Team and the defendant.
16  Defense counsel agrees to specifically advise the defendant of this restriction before providing
17  Discovery to the defendant:  though the defendant may receive the Discovery, she may not send it to
18  anyone or describe its contents to anyone (aside from sending it to and discussing it with the Defense
19  Team).

20      21.    The Defense Team shall not permit anyone other than the Defense Team to have
21  possession of the Highly Confidential Discovery or Attorney's Eyes Only Discovery, including the
22  defendant.

23      22.    The defendant may review Highly Confidential Discovery in this case only in the
24  presence of a member of the Defense Team, and Defense Counsel shall ensure the defendant is never
25  left alone with any Highly Confidential Discovery.  The defendant may not copy, keep, maintain, or
26  otherwise possess any of the Highly Confidential Discovery at any time.  The defendant must return any
27  Highly Confidential Discovery to the Defense Team at the conclusion of any meeting at which the
28  defendant reviews the Highly Confidential Discovery.  The defendant may not take any Highly

Confidential Discovery out of the room in which they are meeting with the Defense Team. The defendant may not write down or memorialize any Highly Confidential Discovery. At the conclusion of any meeting with the defendant, the member of the Defense Team present shall take with him or her all Highly Confidential Discovery. At no time, under any circumstances, will any Highly Confidential Discovery be left in the possession, custody, or control of the defendant, whether or not incarcerated.

23. The Defense Team may review Highly Confidential Discovery with a witness or potential witness in this case, including the defendant, subject to the requirement above that a member of the Defense Team must be present if Highly Confidential Discovery is being shown. Before being shown any portion of the Highly Confidential Discovery, however, any witness or potential witness must be informed of the existence of the Protective Order and given a copy of the Protective Order. No witness or potential witness (other than members of the Defense Team) may retain any Discovery, including but not limited to Highly Confidential Discovery, or any copy thereof, after his or her review of those materials with the Defense Team is complete.

24. Attorney's Eyes Only Discovery may not be shown to the defendant, any witness or potential witness, or anyone other than members of the Defense Team. The Defense Team may discuss the contents of Attorney's Eyes Only Discovery with the defendant and potential witnesses to the extent relevant to the defendant's case. Before discussing the Attorney's Eyes Only Discovery, however, any witness or potential witness must be informed of the existence of the Protective Order and given a copy of the Protective Order.

25. This Order does not limit the United States' right to produce documents or other material by making it available for review and inspection at the United States Attorney's Office.

26. This Order does not limit employees of the United States Attorney's Office for the Eastern District of California from disclosing the Discovery to members of the United States Attorney's Office, law enforcement agencies, the Court, and defense.

27. Defense Counsel shall advise the United States with reasonable notice of any subpoenas, document requests, or claims for access to the Discovery by third parties if Defense Counsel is considering disseminating any of the Discovery to a third party, so the United States may take action to resist or comply with such demands as it may deem appropriate.

**F.     Ensuring Security of the Discovery**

28.     The Defense Team shall maintain the Discovery safely and securely, and shall exercise reasonable care in ensuring the security and confidentiality of the Discovery by storing the Discovery in a secure place, such as a locked office, or otherwise secure facility where visitors are not left unescorted.

29.     A copy of the Protective Order must be stored with the Discovery, in paper form or electronically.

30.     To the extent that Discovery, or any copies or reproductions thereof, are stored electronically, the Discovery will be stored on a password-protected or encrypted storage medium, including a password-protected computer, or device.  Any passwords and encryption keys must be stored securely and not written on the storage media that they unlock.

31.     If a member of the Defense Team makes, or causes to be made, any further copies of any of the Discovery, Defense Counsel will ensure that the following notation is written, stamped, or inscribed on whatever folder, container, or media contains the copies: "PROTECTED MATERIALS-SUBJECT TO PROTECTIVE ORDER."  For example, if Defense Counsel makes a copy of a disc or physical file containing Discovery, the duplicate disc or file must be marked with the above notation.

**G.     Filings**

32.     In the event the Defense Team needs to file materials containing PII or material designated as Highly Confidential Discovery or Attorney's Eyes Only Discovery with the Court, the filing should be made under seal or with all PII, Highly Confidential Discovery, or Attorney's Eyes Only Discovery redacted.  If the Court rejects the request to file such information under seal, the Defense Team shall provide immediate written notice to the government to afford it an opportunity to move the Court to reconsider.

33.     If it becomes necessary to refer to a victim or third party referenced in the protected discovery during any public court proceeding or in a public court filing, the parties shall refer to them using the pseudonyms they are referred to in other pleadings in this matter, including the Indictment.  If individuals are not referred to in public pleadings or the Indictment, Defense Counsel will reach out to the government to reach an agreement before referring to them in any public court proceeding or public court filing.

### H. Conclusion of Prosecution

34. The provisions of this Order shall not terminate at the conclusion of this prosecution. All Discovery maintained in the Defense Team's files shall remain subject to the Protective Order unless and until such Order is modified by the Court.

35. Upon final disposition of the case, including exhaustion of direct and collateral appellate proceedings, Defense Counsel shall certify in writing that the Discovery and memorializations of it has been destroyed, or, if they seek to maintain it in the defense counsel's files beyond final disposition of the case, seek modification of this provision from the Court.

### I. Termination or Substitution of Counsel

36. In the event there is a substitution of Defense Counsel prior to final disposition of the case, new counsel of record must join this Protective Order before any Discovery may be transferred from the undersigned Defense Counsel to the new defense counsel. New defense counsel then will become Defense Counsel for purposes of this Protective Order, and become the Defense Team's custodian of materials, and shall then become responsible, upon the conclusion of appellate and post-conviction proceedings, for complying with the provisions set forth in this Protective Order. All members of the Defense Team, whether current or past counsel, are at all times subject to the Protective Order and are not relieved by termination of representation or conclusion of the prosecution.

### J. Redaction of PII or Otherwise Sensitive Materials

37. Nothing in this Order shall prevent the United States Attorney's Office from redacting PII or other confidential or sensitive information in any Discovery, for example information related to the identity of any cooperators, informants, or witnesses.

### K. Modification of Order

38. Nothing in this Order shall prevent any party from seeking modification of the Order or from objecting to discovery it otherwise believes to be improper. Nothing in this Order shall prevent any party from seeking a more restrictive protective order with regard to particular items.

### L. Violation of Order

39. Any person who willfully violates this Order may be held in contempt of court and may be subject to monetary or other sanctions as deemed appropriate by the Court. This provision does not

expand or narrow the Court's contempt powers.

**M.     Application of Laws**

40.     Nothing in this Order shall be construed to affect or comment on the admissibility or discoverability of the Discovery.

41.     Nothing in this Order shall be construed to affect the application of and the parties' compliance with the Federal Rules of Criminal Procedure, Local Rules, and applicable statutes.

Dated:  November 25, 2025          ERIC GRANT
                                   United States Attorney


                                   /s/ KATHERINE T. LYDON
                                   KATHERINE T. LYDON
                                   Assistant United States Attorney


Dated:                             
                                   DANA WILLIAMSON
                                   Defendant


Dated:                             
                                   MCGREGOR SCOTT
                                   Counsel for Defendant
                                   DANA WILLIAMSON

**ORDER**

By agreement of the parties, and good cause appearing, the Court hereby adopts the stipulation and the terms contained therein.  IT IS SO ORDERED.

Dated: December 10, 2025

*/s/ Carolyn K. Delaney*
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE