MCGREGOR W. SCOTT (Bar No. 142413)
mscott@kslaw.com
MATTHEW B. ROWAN (Bar No. 336198)
mrowan@kslaw.com
KING & SPALDING LLP
621 Capitol Mall, Suite 1500
Sacramento, CA 95814
Telephone: +1 916 321 4800
Facsimile: +1 916 321 4900

Attorneys for Defendant

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

UNITED STATES OF AMERICA,

Plaintiff,

v.

DANA WILLIAMSON,

Defendant.

Case No. 2:25-CR-258-TLN CKD

**DEFENDANT DANA WILLIAMSON'S AMENDED NOTICE OF REQUEST TO SEAL DOCUMENTS**

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to Local Rule 141, Defendant Dana Williamson ("Defendant" or "Ms. Williamson") hereby submits this Amended Request to Seal the following documents:

1. Defendant's Memorandum of Points and Authorities in support of Defendant's Motion to Continue Sentencing
2. Declaration of McGregor Scott in Support of Defendant's Motion to Continue Sentencing
3. Amended Declaration of McGregor Scott in Support of Defendant's Motion to Continue Sentencing ("Amended Scott Decl.")
4. Ex. A, Amended Scott Decl., a true and correct copy of a screenshot concerning Ms. Williamson's medical test results from September 4, 2026
5. Ex. B, Amended Scott Decl., a true and correct copy of a Sutter Health medical record for Ms. Williamson dated September 3, 2026.
6. Ex. C, Amended Scott Decl., a true and correct copy of a screenshot reflecting a text message from Ms. Debra Fellows (Ms. Williamson's mother) concerning Ms. Williamson's surgery on September 4, 2026.
7. Ex. D, Amended Scott Decl., a true and correct copy of a Sutter Health medical record for Ms. Williamson dated September 4, 2026, following her surgery on the same date.

As set forth in the attached Amended Request to Seal Documents and the Amended Declaration of McGregor Scott in Support of Defendant's Request to Seal, Defendant makes this request because portions of the Amended Motion to Continue Sentencing and the Amended Declaration of McGregor Scott contain highly confidential information and documents that would harm Ms. Williamson and non-parties if publicly disclosed.

On September 3, 2026, counsel for Ms. Williamson, McGregor Scott, contacted Assistant United States Attorney Michael D. Anderson to confer on the original motion to seal. The United States agreed to seal with the following condition: "The government's agreement to sealing is based on its understanding from defense counsel (not having received the motion in advance of filing)

that the information that the motion seeks to seal is medical information properly sealed under Local Rule 141."

A party seeking to overcome the presumption of access and seal a judicial record must meet the "compelling reasons" standard. *See, e.g.*, *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016). "In general, compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might [] become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (cleaned up).

The documents Defendant seeks to seal meet the compelling reasons standard because they discuss confidential, sensitive, and potentially invasive medical information concerning Ms. Williamson's health, including conditions, symptoms, and diagnoses that are not at issue in this matter. "Courts have found a party's privacy interests in such [medical] records to outweigh the public's interest in access." *Bruce v. Azar*, 389 F. Supp. 3d 716, 727 (N.D. Cal. 2019) (collecting cases). Indeed, Ms. Williamson's medical information would likely "become a vehicle for improper purposes" if publicly exposed. *Cf. Kamakana v. City & Cnty. of Honolulu*, 447 F.3d at 1179.

Accordingly, Ms. Williamson respectfully requests the aforementioned documents be filed and remain under seal for the duration of this case and until this Court orders otherwise.

The Notice of Request to Seal Documents was submitted to the Court electronically via CM/ECF pursuant to Local Rule 141. The Request to Seal Documents, Proposed Order Sealing Documents, and the unredacted documents themselves will be submitted to the Court via email.

Dated: September 4, 2026

**KING & SPALDING LLP**

By: ______________________

MCGREGOR W. SCOTT
MATTHEW B. ROWAN
Attorneys for Defendant