ERIC GRANT
United States Attorney
MICHAEL D. ANDERSON
KATHERINE T. LYDON
MATTHEW THUESEN
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. DANA WILLIAMSON, Defendant. | CASE NO. 2:25-CR-0258 TLN<br><br>GOVERNMENT'S OPPOSITION TO DEFENDANT'S AMENDED MOTION TO CONTINUE SENTENCING<br><br>DATE: September 17, 2026<br>TIME: 9:30 a.m.<br>COURT: Hon. Troy L. Nunley |

## I. INTRODUCTION AND PROCEDURAL HISTORY

This case is currently set for judgment and sentencing on September 17, 2026. Last week, defense counsel reported that the defendant had a health downturn, culminating in surgery on Friday, September 4, 2026. Defense counsel indicated to the government and the Court that this has severely impacted his ability to coordinate with his client and prepare for sentencing, and moved for a continuance either indefinitely or to 2027. *See* Dkt. No. 41.

The parties agree that the matter should not go forward on September 17 and should be set for a status of sentencing hearing on September 24. The parties also seem to agree that, leading up to that date, defense counsel will provide medical records to the government so that the parties can attend the status conference with well-formulated positions regarding the date of sentencing.

Where the parties differ is this: The government requests that at this point, the Court continue the defendant's sentencing hearing to October 8, 2026. At the status conference on September 24, 2026, the

parties and the Court can further assess whether sentencing can go forward on October 8.[1] The defense, by contrast, asks the Court to vacate the sentencing entirely with no new date whatsoever, or set it for a date in 2027. That sort of open-ended or extremely lengthy continuance would be neither appropriate nor necessary.

## II. LEGAL STANDARD[2]

Generally, courts consider the following four factors when determining whether or not to grant a continuance: (1) Defendant's diligence in readying his defense prior to the date set for sentencing; (2) the likelihood the continuance would serve a useful purpose; (3) the extent to which granting the continuance will inconvenience the Court and the opposing party; and (4) the extent to which Defendant may suffer harm as a result of the Court's denial. *See United States v. Flynt*, 756 F.2d 1352, 1359 (9th Cir. 1985), *amended*, 764 F.2d 675 (9th Cir. 1985) (internal citations omitted). The weight attributed to each factor varies "with the extent of the showing on the other factors." *Id.* Ultimately, district courts have broad discretion when deciding whether to grant a continuance. *See United States v. Garrett*, 179 F.3d 1143, 1145 (9th Cir. 1999).

Pursuant to Federal Rules of Criminal Procedure Rule 32(b)(1), the Court "must impose sentence without unnecessary delay."

## III. ARGUMENT

### A. Setting a status conference on September 24 is a reasonable interim step, which affords time for the parties and the Court to consider the defendant's medical situation once the dust has settled and full medical records can be obtained.

At this point, the situation is evolving. The government understands from the defense that the defendant is recovering at home. Defense counsel has explained he has provided to the government the limited health documentation he has received and provided regular updates. The government has proposed a HIPAA waiver in order to obtain complete medical documentation to understand the defendant's health issues as they relate to the sentencing date. Defense counsel has committed to raise

---

[1] The government proposed a stipulation to this plan to the defense on September 10, 2016; the defense declined.

[2] While a full brief regarding the appropriate date for sentencing would be premature at this stage, without complete medical records and with the situation in flux, the government provides the legal standard for the Court's forward-looking consideration and easy reference in anticipation of the September 24 status conference.

this request with his client when he is able to meet with her.

An interim status conference on September 24 serves all parties' objectives. It will allow the defendant time to recover from last week's surgery, and give defense counsel the opportunity to coordinate and prepare for sentencing with her. It will give defense counsel time to collect and provide medical records in advance, or, better yet, obtain a HIPAA waiver (as is common), so that the government and Court can evaluate any further continuance request with complete information.

**B. <u>In the meantime, sentencing should be reset for October 8, rather than taken completely off the calendar or kicked into 2027.</u>**

Keeping the sentencing on track and complying with Rule 32 requires that the sentencing be reset reasonably promptly, at least on an interim basis. If, come September 24, the defendant is so medically compromised that she is unable to confer with her attorney or prepare for sentencing by October 8, her attorney will have an opportunity to present evidence and argument to that effect. But, from the information provided as of date of this filing, the defendant's proposal of immediately vacating the sentencing entirely or continuing it to 2027 would be inconsistent with Rule 32 and the *Flynt* factors, and it is not needed to prevent harm to the defendant.

**C. <u>Any request for a further continuance beyond October 8 would need to be grounded in medical necessity and evidence, and not in unrelated delay.</u>**

As indicated at the outset, in light of the defendant's surgery, the government is agreeable to a reasonable extension of the schedule (at this point, to October 8) to give the defendant time to recover, and give defense counsel the opportunity to coordinate and prepare for sentencing with her, while still adhering to a schedule of sentencing as promptly as can be consistent with those goals. However, the government wishes to lay down three markers.

First, the government will oppose any request for a continuance beyond that grounded in medical necessity. It is concerning, for example, that the defendant in her motion for a continuance indicated that the defense "needs additional time to develop mitigations, conduct additional evaluation, and obtain supporting documents." (Dkt. No. 41 at 3-4). Sentencing mitigation and evaluation work should have been completed already.[3]

[3] The defendant pleaded guilty almost four months ago; over two months ago, this Court set

Further, the defense should provide primary source medical records, ideally obtained through a HIPAA waiver rather than transmitted piecemeal through the defendant or her family members. The government trusts that defense counsel is accurately relaying information he receives from the defendant and her family members; but relying on evidence rather than the averments of the defendant or her family members is particularly important given the nature of the defendant's crimes.

Finally, the government will oppose any request for a continuance grounded in non-emergent general maintenance medical needs (as opposed to emergency surgery). The defendant's medical considerations can and should be addressed through a reasonable prison reporting date and placement at one of the several Bureau of Prisons facilities with specialized medical capacities.

## IV. CONCLUSION

The government understands and acknowledges defense counsel's concerns about the uncertainty of the defendant's medical status. The government believes strongly that a near-term date should be set for sentencing, subject to further continuance if and only if medically necessary. Rather than continue the sentencing date to next year or wholly vacate the sentencing, the government proposes the Court order the schedule contained in the attached proposed order, which it submits is reasonable under the current circumstances and consistent with Rule 32's requirement that sentencing occur without unnecessary delay.

Dated: September 11, 2026

ERIC GRANT
United States Attorney

By: /s/ MICHAEL D. ANDERSON
MICHAEL D. ANDERSON
KATHERINE T. LYDON
MATTHEW THUESEN
Assistant United States Attorneys

---

sentencing and the schedule for disclosure and filing of the presentence report ("PSR"), which was a schedule to which the parties stipulated; the Probation Officer disclosed the draft PSR to the parties on schedule; the parties submitted informal objections to the PSR on schedule; and Probation filed the final PSR on schedule, attached to which are multiple letters the defense submitted in support of the defendant. The defense filed its continuance motion on the day formal objections were due, which it amended the next day.